Charles M. Stern (Cal. Bar No. 43870)
Daniel M. Pelliccioni (Cal. Bar No. 152074)
KATTEN MUCHIN ZAVIS ROSENMAN
2029 Century Park East, Suite 2600
Los Angeles, California 90067-3012
tel: (310) 788-4400 fax: 310-788-4471

Attorneys for defendant MITSUBISHI ELECTRIC
AND ELECTRONICS USA, INC.

FILED
2002 SEP 11 A 10: 41
KEV'N E. O'BRIEN
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MICROAGE, INC. *et al.*,<br><br>Debtors<br><br>―――――――――――<br>MICROAGE, INC. *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>MITSUBISHI ELECTRIC AND<br>ELECTRONICS USA, INC. *et al.*,<br><br>Defendants | In Proceedings Under Chapter 11<br><br>No. 00-03833-ECF-CGC<br><br>Adversary Proceeding No. 02-311<br><br>STATEMENT OF FACTS IN SUPPORT<br>OF MOTION FOR PARTIAL<br>SUMMARY JUDGMENT<br><br>[Local Rule 9013-1(g)] |

Pursuant to Local Rule 9013-1(g), defendant Mitsubishi Electric and Electronics USA, Inc. ("MELA"), hereby submits this Statement of Facts in support of its motion for partial summary judgment.

| Fact | Evidentiary Support |
|---|---|
| The transfers at issue were eight checks to MELA and the use by plaintiffs of a number of "credits;" the credit constituted the offset of mutual debts. | Complaint, ¶¶ 10, 19, Ex. 1. |

| | |
|---|---|
| Commencing in 1995, MELA sold computer monitors to MicroAge and, subsequently, to its subsidiary, Pinacor, Inc. ("Pinacor"). Sales were made pursuant to a Mitsubishi Electronics Brand Name Distributor/Reseller Purchase Agreement between MELA and MicroAge. | Carlson Decl., ¶ 4, Ex. A. |
| In 1998, at MicroAge's request, its contract with MELA was assigned to its wholly owned subsidiary, Pinacor, Inc. | Carlson Decl., ¶ 4, Ex. B. |
| Sales of goods were documented by the sending of MELA invoices, specifying the item number, quantity and price of the product(s) in question and the total amount due. | Carlson Decl., ¶ 5. |
| For various invoices, MELA also issued credit memos, to give MicroAge/Pinacor the advantage of programs such as the one by which MELA would provide "co-op" advertising support to a customer, by issuing credit memos for a portion of its qualifying advertising expenditures, and another one by which MELA would meet a competitive price shown by a customer to be available from another vendor, by issuing a credit memo for the price differential. | Carlson Decl., ¶ 5. |
| MicroAge/Pinacor paid one or more invoices by checks in the amount of the total invoices being paid, less the amounts of MELA credit memos that MicroAge/Pinacor unilaterally decided to use as deductions, reducing the amount of the check to a net payment. | Carlson Decl., ¶ 6. |
| MELA credit memos issued to customers such as MicroAge/Pinacor were non-transferable, could be used only as credits against MELA invoices and could not be redeemed for cash. | Carlson Decl., ¶ 7. |

Respectfully submitted,
KATTEN MUCHIN ZAVIS ROSENMAN

By _____
     Charles M. Stern

Attorneys for defendant MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF LOS ANGELES   )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Zavis Rosenman, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012. On September 10, 2002, I served the within documents:

**STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

☐   I sent such document from facsimile machine 310.788.4471 on September 10, 2002. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 310.788.4471 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelop(s) addressed to the parties listed below.

    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at , addressed as set forth below.

    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**X**   by placing the document(s) listed above in a sealed envelope and sent overnight mail via Federal Express addressed as set forth below

Donald L. Gaggney
Todd V. Jones
Steven D. Jerome
SNELL & WILMER
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
(602) 382-6254

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

    Executed on September 10, 2002, at , California.

*/s/ Julie A. Koehnen*
JULIE ANNE KOEHNEN